QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael E. Williams (Bar No. 181299)
michaelwilliams@quinnemanuel.com
Viola Trebicka (Bar No. 269526)
violatrebicka@quinnemanuel.com
Matthew A. Bergjans (Bar No. 302830)
alexbergjans@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Amar Thakur (Bar No. 194025)
5095 Rancho Quinta Bend
San Diego, CA 92130
Telephone: (858) 481-2115

Attorneys for Defendants
University of Southern California
Paul S. Aisen, Jeremy Pizzola, Deborah Tobias,
Gustavo Jimenez-Maggiora, Phuoc Hong,
Hong Mei Qiu, Stefania Bruschi, Jia-Sing So,
and Mayya Nessirio

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> PAUL S. AISEN, an individual; JEREMY PIZZOLA, an individual; DEBORAH TOBIAS, an individual; GUSTAVO JIMENEZ-MAGGIORA, an individual; PHUOC HONG, an individual; HONG MEI QIU, an individual; STEFANIA BRUSCHI, an individual; JIA-SING SO, an individual; MAYYA NESSIRIO, an individual; UNIVERSITY OF SOUTHERN CALIFORNIA, a California Corporation; and DOES 1-25, Inclusive, <br><br> Defendants. | CASE NO. '15CV1766 BEN BLM <br><br> **NOTICE OF REMOVAL TO FEDERAL COURT** <br><br> [28 U.S.C. §1331, §1338, §1367, §1446, and §1454] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants University of Southern California ("USC"), Paul S. Aisen ("Dr. Aisen"), Jeremy Pizzola, Deborah Tobias, Gustavo Jimenez-Maggiora, Phuoc Hong, Hong Mei Qiu, Stefania Bruschi, Jia-Sing So, and Mayya Nessirio (collectively, "Defendants"), hereby remove this action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California pursuant to 28 U.S. Code §1331, §1338, §1367, §1446, and §1454 and in support thereof, respectfully submit the following:

**<u>STATEMENT OF THE CASE</u>**

1.     On July 2, 2015, Plaintiff filed in the Superior Court of California, San Diego County, a Complaint for Money Damages and Equitable Relief ("Complaint").  The Complaint asserts seven causes of action:  (1) Breach of Fiduciary Duty; (2) Breach of Duty of Loyalty; (3) Interference with Contract; (4) Interference with Prospective Economic Advantage; (5) Conversion; (6) Commission of Computer Crimes; and (7) Civil Conspiracy.  Exhibit 1.  Defendants were served on July 6, 2015.  Exhibits 13-22.  The case was assigned to Judge Judith F. Hayes of the San Diego Superior Court.

2.     Plaintiff's claims in the Complaint relate to and arise from allegations that Defendant Dr. Aisen, the former Director of the Alzheimer's Disease Cooperative Study ("ADCS") and faculty member at the University of California San Diego ("UCSD"), with the other individual defendants, misappropriated "confidential and proprietary" data and information (the "ADCS data") while they were still employed by UCSD, to use at their new employer, Defendant USC.  The Complaint alleges that "[w]hile still employed by UCSD," Dr. Aisen and an unidentified Individual Defendant misappropriated the ADCS data and arranged for it to be transferred to an offsite "cloud" network "hosted on an Amazon account in

-1-

the name of a party other than UCSD, presumably one or more of the Individual Defendants, or persons under their control." (Compl. ¶¶ 27-29, 35-37.) In its Complaint, Plaintiff alleges further that the Defendants have exercised "dominion and control" over the confidential and proprietary ADCS data, which UCSD contends it rightly owns and is solely authorized to control. (Compl. ¶¶ 27-28, 35-37.) According to Plaintiff, as a result of this misappropriation of the ADCS data and Defendants' continued exercise of dominion and control over it, Plaintiff has suffered and continues to suffer harm and damages. (Compl. ¶¶ 40-41.)

3. The Complaint provided no basis to ascertain that Plaintiff asserted any claim that would give rise to federal jurisdiction for purposes of removal.

4. On July 6, 2015, a day after it served the Complaint on Defendants, Plaintiff sought a Temporary Restraining Order enjoining Defendants from making changes and alterations to the ADCS data and systems, and an Order to Show Cause why the Superior Court should not issue a Preliminary Injunction to enjoin Defendants from exercising control over the ADCS data and restoring custody and control to Plaintiff. Before the hearing on Plaintiff's application, the parties stipulated a Temporary Restraining Order.

5. On July 16, 2015, Plaintiff filed a Supplemental Brief in support of its Preliminary Injunction application. For the first time in this litigation, Plaintiff argued that its ownership right over the ADCS data and the data system and underlying software programs which run the clinical studies, referred to as the Electronic Data Capture system (the "EDC"), arose under the "work for hire" doctrine of federal copyright laws. Specifically, Plaintiff maintained that:

- "Are any of the Defendants owners of the ADCS Data or of the EDC system that Defendants admittedly have taken control over? No, the EDC system (and the underlying software programs) and the ADCS Data is owned by The Regents and by the Sponsors,

-2-

as clearly set out in the Copyright Act [and] applicable federal regulations. . . ."  Exhibit 3 at 93.

- "Not only does Cal. Labor Code $ 28604 make clear that the system belongs to UCSD, so too does the Federal Copyright Act, which provides: 'In the case of a work made for hire, the employer . . . owns all of the rights comprised in the copyright.' 17 U.S.C. $ 201(b)."  Exhibit 3 at 96.

- "One pertinent policy statement, in effect since 1992, provides that 'Ownership of copyrights to sponsored works shall be with the University unless the sponsored agreement states otherwise.'"  (citing a 1992 University of California Policy Copyright Ownership).  Exhibit 3 at 97.

### GROUNDS FOR REMOVAL

6.    Defendants hereby remove this action based on federal question jurisdiction, pursuant to 28 U.S. Code §1338, which confers exclusive jurisdiction over "any claim for relief arising under any Act of Congress relating to . . . copyrights."  28 U.S.C. § 1338(a); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Pursuant to 28 U.S. Code § 1454, any action in which "any party asserts a claim for relief arising under any Act of Congress relating to . . . copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending."  28 U.S.C. § 1454(a); *see also* 28 U.S.C. § 1441 (defendants may remove any action over which a district court has "original jurisdiction").

7.    This Court has original jurisdiction over this action because, as of July 16, 2015, Plaintiff is invoking the "work for hire" doctrine under the federal Copyright Act as the basis for its ownership and right to control the ADCS data and the EDC system and software at issue in this case.  *See supra* ¶ 5.  Under Plaintiff's

-3-

espoused theory of ownership, the gravamen of Plaintiff's claims – that Defendants exercised wrongful dominion of its property – turns on an application of the federal work-for-hire doctrine under the Copyright Act.  It is settled law in this Circuit and others that federal jurisdiction is appropriate where the determination of ownership depends on an application of the "work made for hire" doctrine, even if that is the sole copyright question in the dispute.  *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124-25 (9th Cir. 2010);  *Scandinavian Satellite Sys., AS v. Prime TV Ltd.*, 291 F.3d 839, 845-46 (D.C. Cir. 2002) ("a dispute that turns on whether a copyrighted work was created independently or as a "work made for hire" is an *ownership dispute* that unquestionably arises under the Copyright Act… subject matter jurisdiction under § 1338(a) is not lost merely because a contract ownership dispute may be implicated.")*; Calicraft Distributors, LLC v. Castro*, No. CV 15-01041 BRO AJW, 2015 WL 1789014, at *5-6 (C.D. Cal. Apr. 17, 2015) ("where the resolution of an action turns on the work-for-hire doctrine, federal court jurisdiction is proper even absent a claim for relief under the Copyright Act.").

8.     *JustMed Inc. v. Byce* is particularly instructive here.  The plaintiff JustMed, a tech start up, brought claims against a former employee who quit his job and took with him source codes that he developed during his employment with JustMed.  To prove ownership of the purportedly misappropriated material, plaintiff had to rely on the Copyright Act's work-for-hire doctrine.  The district court asserted it had jurisdiction under 28 U.S.C. § 1338, and the Ninth Circuit, upon an independent examination of federal jurisdiction, agreed.  *Id.*, 600 F.3d at 1123-1125.  The Ninth Circuit found that "[a]lthough a complaint may not state a Copyright Act claim on its face, federal jurisdiction may be appropriate if resolution requires application of the work-for-hire doctrine of the Copyright Act." *Id.* at 1124.  The Ninth Circuit relied, in part, on the Supreme Court opinion in *Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989), where the Court construed the 'work made for hire' provisions of the

-4-

Copyright Act noting that "[t]he contours of the work for hire doctrine ... carry profound significance" and that the "[e]stablishment of a federal rule of agency, rather than reliance on state agency law, is particularly appropriate here given the Act's express objective of creating national, uniform copyright law by broadly pre-empting state statutory and common-law copyright regulation." *Id.* at 740, 109 S.Ct. 2166 (citing 17 U.S.C. § 301(a)).  The Ninth Circuit determined that the "application of the work-for-hire doctrine is central" to the claims and the case "arises under the federal law governing copyrights."  *JustMed*, 600 F.3d at 1125. Similarly here, Plaintiff's recent filing has made the application of the federal work-for-hire doctrine central to its claims and therefore this case arises under federal copyright law.

### ADDITIONAL PROCEDURAL REQUIREMENTS

9.      Removal here is timely because this Notice is made within 30 days of Plaintiff's first filing that rendered the action removable.  28 U.S.C. § 1446(b)(3) ("[N]otice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").  This action is removable because Plaintiff, in a brief it filed in San Diego Superior Court on July 16, 2015, revealed that its theory of ownership over the disputed ADCS data and the EDC system and software which manage the data relies on the Copyright Act's work-for-hire doctrine.  *See supra* ¶ 5.  As discussed above, this theory of ownership provides grounds for exclusive federal jurisdiction under 28 U.S. Code § 1338(a).  Neither the Copyright Act nor any ownership theories pursuant to the work-for-hire doctrine are referenced in the Complaint or any other filing before July 16, 2015.  The thirty-day period for removal begins to run "[o]nce defendant is on notice of removability . . . ." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695-97 (9th Cir. 2005) ("the ground for removal must be revealed affirmatively in the initial pleading in order for the first

NOTICE OF REMOVAL

thirty-day clock under § 1446(b) to begin;" holding the "face of [Plaintiff's] initial pleading did not affirmatively reveal information to trigger removal" and case did not become removable until "it became apparent" that there was diversity jurisdiction).  Because Defendants removed the action within thirty days of July 16, 2015, this Notice is timely.

10.   This action, filed in the Superior Court of the State of California, County of San Diego, is being removed to the district and division embracing the place where the action is pending.  28 U.S.C. §1441(a).

11.   Pursuant to 28 U.S.C. §1446(a), copies of all the process, pleadings, and orders on file with the state court or served on Defendants in the state court are attached collectively as Exhibits 1 through 108.

12.   A notice of filing of removal, with a copy of this Notice of Removal attached thereto, is being filed with the clerk of the Superior Court of the State of California, County of San Diego, Case Number Case No. 37-2015-00022082-CU-BT-CTL, pursuant to 28 U.S.C. § 1446(d).

13.   A notice of filing of removal, with a copy of this Notice of Removal attached thereto, is being served on plaintiff's attorney pursuant to 28 U.S.C. § 1446(d).  A proof of such service will be filed with this Court.

14.   Pursuant to 28 U.S.C. § 1446, "all defendants who have been properly joined and served must join in or consent" to removal.  28 U.S.C. § 1446(b)(2)(A) (emphasis added).

15.   All Defendants join in and consent to removal in this action.  28 U.S.C. § 1446(b)(2)(A, C).  Defendant Does 1 through 25 are also named in the state court action.  These unknown defendants are not required to join in the Notice of Removal.  *See, e.g., Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980).

16.   No previous application has been made for the relief requested herein.

17.   This notice has been signed pursuant to Fed R. Civ. P. 11.

-6-

## CONCLUSION

By this notice, Defendants do not intend any admission of fact, law or liability, and reserve all defenses, motions and pleas.  Defendants pray that this action be removed to this Court for determination; that all further proceedings in the state court be stayed; and that Defendants obtain all additional relief to which they are entitled.

DATED:  August 10, 2015          QUINN EMANUEL URQUHART & SULLIVAN, LLP


By */s/ Michael E. Williams*
    John B. Quinn
    Michael E. Williams
    Amar Thakur
    Attorneys for Defendants
    University of Southern California, Paul S. Aisen, Jeremy Pizzola, Deborah Tobias, Gustavo Jimenez-Maggiora, Phuoc Hong, Hong Mei Qiu, Stefania Bruschi, Jia-Sing So, and Mayya Nessirio

-7-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the following document has been served on August 10, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4:

## NOTICE OF REMOVAL TO FEDERAL COURT

Any other counsel of record will be served by electronic mail, facsimile, and/or overnight delivery.

I declare under penalty of perjury under the laws of United States that the foregoing is true and correct and that this proof of service was executed on August 10, 2015 at Los Angeles, California.

*/s/ Michael E. Williams*

Michael E. Williams