UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>                                    Plaintiff,<br><br>v.<br><br>PAUL S. AISEN et al.,<br><br>                                    Defendants.<br><br>AND RELATED CROSS-ACTION | Case No.:  15-cv-1766 BEN (JLB)<br><br>**ORDER GRANTING JOINT MOTION AND ENTERING STIPULATED PROTECTIVE ORDER**<br><br>[ECF No. 94] |

Plaintiff The Regents of the University of California ("UCSD" or "The Regents") and Defendants University of Southern California ("USC"), Paul S. Aisen ("Dr. Aisen"), Jeremy Pizzola, Deborah Tobias, Gustavo Jimenez-Maggiora, Phuoc Hong, (collectively, "Defendants") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case.  For good cause showing for entry of a protective order, the parties' Joint Motion for an Order Entering the Parties' Stipulated Protective Order (ECF No. 94) is **GRANTED**.  Therefore, **IT IS HEREBY ORDERED**:

1.     **PURPOSES AND LIMITATIONS**

a.     All Protected Material (as defined below) shall be used solely for the above-captioned case and any related appellate proceedings, and not for any other purpose whatsoever, including without limitation any other litigation or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

b.     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly withdraw or change the designation as appropriate and notify all Receiving Parties of such withdrawal or change.

2.     **DEFINITIONS**

a.     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery, Rule 26(a) disclosures or trial subpoenas in this case.

b.     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" as provided for in this Order.  Protected Material shall not include: (i) materials that have been disseminated to the public or otherwise communicated to a third party without restriction; (ii) materials that the parties agree should not be designated Protected Materials; (iii) materials that the parties agree, or the Court rules, are already public knowledge; (iv) materials that the parties agree, or the Court rules, have become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its

agents in violation of this Order; or (v) materials that have come or will come into the Receiving Party's legitimate knowledge independently of the production by the designating party.   Prior legitimate knowledge must be established by pre-production documentation.

c.      "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and their support staffs, including the Board of Regents of the University of California and the Board of Trustees of the University of Southern California.

d.      "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.   A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Material pursuant to the terms of this Order.   A non-party's use of this Order to protect its Protected Material does not entitle that non-party access to the Protected Material produced by any Party in the above-referenced cases.

e.      "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

f.      "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party (ii) partners, associates, of counsel attorneys, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation, and (iii) counsel for any insurance carrier of a Party that has a duty to defend even if under a reservation of rights.

g.      "Source Code" means any document that contains or discloses a human readable listing of commands that must be compiled or assembled into an executable Computer Software Program in order to control the functioning of hardware.   For the avoidance of doubt, Source Code does not include executable object code.

h.      "Computer Software Program" means any document that contains or discloses a machine readable listing of commands that control the functioning of hardware.   This includes both application software and system software.

3

### 3. COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

### 4. SCOPE

a. The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

b. Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

c. Nothing in this Order shall preclude any Receiving Party from showing Protected Material to an individual who either prepared the Protected Material or has prior personal knowledge of the Protected Material as demonstrated from the contents of the Protected Material or agreed by the Parties.

d. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party:  (i) that is or has become disseminated to the public through no fault of the Receiving Party and without violation of this Order or other obligation to maintain confidentiality; (ii) that written records demonstrate was lawfully acquired by or previously known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

e. This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

## 5.   DURATION

Even after Final Disposition of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.  "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6.   DESIGNATING PROTECTED MATERIAL

**a.   Available Designations.**   Any Producing Party may designate Discovery Material with any of the following designations, provided that the Discovery Material meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY'S EYES ONLY."

**b.   Written Discovery and Documents and Tangible Things.**   Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 6(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed ATTORNEYS' EYES ONLY during the inspection and re-designated as appropriate during the copying process.

**c.   Native Files.**   Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains CONFIDENTIAL, HIGHLY CONFIDENTIAL, or ATTORNEY'S EYES ONLY material, or shall use any other reasonable method for so

5

designating Protected Materials produced in electronic format.  When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

           d.    **Depositions and Testimony.**

                  i.    Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Material of which such person has prior knowledge, e.g., was the author or contributed to the authorship of the Protected Material or a person who has seen or viewed or examined the Protected Material in the regular course of his or her business. Without in any way limiting the generality of the foregoing: a present director, officer, and/or employee of a Producing Party or a Rule 30(b)(6) witness of the Producing Party may be examined and may testify concerning all Protected Material which has been produced by the Producing Party; a former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Protected Material of which he or she has personal knowledge, including any Protected Material that refers to matters of which the witness has personal knowledge, and which pertains to the period or periods of his or her employment; and any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Exhibit A hereto, that he or she will be subject to and comply with the terms of this Order and maintain the confidentiality of Protected Material disclosed during the course of the examination.  In the event that such attorney declines to sign such a statement

prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material.

             ii.     Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony is designated within thirty (30) days of receipt of the final transcript of the testimony.  Counsel shall exercise discretion in designating portions of a deposition under this Protective Order, and shall only designate those portions containing the disclosure of information properly entitled to protection under this Protective Order.  If no indication on the record is made, all information disclosed during a deposition shall be deemed ATTORNEYS' EYES ONLY until the time within which it may be appropriately designated as provided for herein has passed.  Notwithstanding this provision, any Party that wishes to disclose the transcript, or information contained therein, prior to the expiration of the thirty (30) day period following receipt of the final transcript, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions any

person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  This right of exclusion does not include the deponent, deponent's counsel, the reporter or videographer (if any).  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

**7.     DISCOVERY MATERIAL DESIGNATED AS CONFIDENTIAL**

a.     A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

b.     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

i.     The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

ii.     Any individual who prepared or viewed the Discovery Material in the regular course of his/her business, and/or who sent or received the Discovery Material in the regular course of his/her business.

iii.     Counsel for any insurance carrier of the Receiving Party that has a duty to defend even if under a reservation of rights, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff.  Discovery Material designated as "CONFIDENTIAL" may only be provided to the individuals described above provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

iv.     The Receiving Party's in-house counsel, officers, executives, Regents, or Trustees to whom disclosure is reasonably necessary for this case, as well as their immediate paralegals and staff and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff.  Discovery Material

designated as "CONFIDENTIAL" may only be provided to the individuals described above provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

v.      Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party.

vi.     Court reporters, stenographers, and videographers retained to record testimony taken in this action;

vii.    The Court, jury, and court personnel;

viii.   Graphics, translation, design, and/or non-technical trial or jury consulting personnel (not including mock jurors), having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

ix.     Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

x.      Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

xi.     Any other person with the prior written consent of the Producing Party.

**8.    DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL"**

a.      A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL" if it contains or reflects information that includes patient information,

study data, and/or Source Code and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause significant harm to the integrity or viability of ongoing research.

b.     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL" may be disclosed only to persons or entities listed in paragraphs 7(b)(i-ii), (iv)-(xi).

**9.     DISCOVERY MATERIAL DESIGNATED AS "ATTORNEY'S EYES ONLY"**

a.     A Producing Party may designate Discovery Material as "ATTORNEY'S EYES ONLY" if it contains or reflects information that is commercially confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party that could not be avoided by less restrictive means.

b.     Unless otherwise ordered by the Court, Discovery Material designated as "ATTORNEY'S EYES ONLY" may be disclosed only to persons or entities listed in paragraphs 7(b)(i-ii), (v)-(xi) and to in-house counsel with responsibility for managing and overseeing the litigation, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case.

**10.     CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

a.     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

b.     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

10

c.     The objecting Party shall have the burden of conferring either in person or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

d.     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

e.     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs:  (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## 11.   SUBPOENAS OR COURT ORDERS

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.  This Paragraph shall not apply to search warrants, subpoenas or other compulsory process(es) issued by any law enforcement agencies.

## 12.   FILING PROTECTED MATERIAL UNDER SEAL

Absent written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.  This Protective Order does not entitle a Party to file Protected Material information under seal.

No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If the application to file under seal a document designated as CONFIDENTIAL is being made by the non-designating party, then, upon request, the designating party must promptly provide the applicant with a legal basis for the confidential designation to include within the application. If opposing counsel, or the person or entity that has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

## 13.   INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

a.      The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made within a reasonable time after the Producing Party learns of its inadvertent production.

b.      Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party.  Any electronic copies and any pages containing privileged markings by the Receiving Party shall be destroyed and certified as such by the Receiving Party to the Producing Party.

c.      In the event a Producing Party recalls privileged information under this Paragraph, the Producing Party shall, within seven days, provide the Receiving Party with a description of the recalled privileged information in a manner consistent with the requirements of Rule 26(b)(5)(B).

d.      Nothing in this Paragraph shall preclude a Receiving Party from challenging the claim of privilege by a Producing Party, but the right to challenge such a designation shall not in any way entitle the Receiving Party to delay in returning the Discovery Material to the Producing Party.

## 14.   INADVERTENT FAILURE TO DESIGNATE PROPERLY

a.      The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within a reasonable time of the Producing Party learning of the inadvertent failure to designate.  The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days of its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

b.      A Receiving Party shall not be in violation of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order.  Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

c.      Nothing herein shall impair a Receiving Party's ability to challenge a Producing Party's designation as discussed in Paragraph 10.

///

///

15-cv-1766 BEN (JLB)

### 15.   INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

a.   In the event of a disclosure of any Protected Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Protected Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

b.   Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to designate the disclosed document or information as Protected.

c.   Nothing in this Paragraph 15 shall preclude the Producing Party from pursuing its available remedies for the improper disclosure of Protected Materials.

### 16.   FINAL DISPOSITION

a.   Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Protected Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  Any Producing Party that desires the return of Protected Material lodged with the Court must file an *ex parte* motion for an order authorizing the return of said Protected Material within the same time frame or else the Party shall be deemed to having consented to the Court's destruction thereof.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

b.   All Parties that have received any such Protected Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Protected

Material, outside counsel may retain one set of pleadings, court filings, written discovery responses, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must not retain any pleadings, court filings, written discovery responses, correspondence, and consultant work product that contain HIGHLY CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material.

**17.   MISCELLANEOUS**

a.   **Notices.**  All notices required by this Protective Order are to be served on the attorney(s) for each of the Defendants and Plaintiff listed in the signature block below for each Party.

b.   **Agreement to be Bound.**  Each of the Parties agrees to be bound by the terms of this Protective Order as of the date counsel for such Party executes this Protective Order, at which time the provisions of this Order shall retroactively apply to any Protected Material obtained by that Party or its counsel prior to execution, even if prior to entry of this Order by the Court.

c.   **Privilege Logs.**  The Parties shall exchange their respective privilege document logs at a time to be agreed upon by the Parties following the production of documents.

d.   **Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

e.   **Termination of Matter and Retention of Jurisdiction.**  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter.  The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

f.   **Successors.**  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs,

legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

g. **Right to Assert Other Objections.**  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

h. **Burdens of Proof.**  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

i. **Modification by Court.**  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for the Southern District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Southern District of California.  In the event anyone shall violate or threaten to violate material terms of this Protective Order, the aggrieved Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

j. **Discovery Rules Remain Unchanged.**  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California, or

the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California, or the Court's own orders.

## 18.    OTHER PROCEEDINGS

a.    By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that this information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

DATED:  June 2, 2016          QUINN EMANUEL URQUHART &
                              SULLIVAN, LLP


                              By  *s/ Michael E. Williams*
                              _____
                                   John B. Quinn
                                   Michael E. Williams
                                   Attorneys for Defendants and
                                   Counterclaimants


DATED:  June 2, 2016          CROWELL & MORING LLP


                              By    *s/ Mark A. Romeo*
                              _____
                                   J. Daniel Sharp
                                   Mark A. Romeo
                                   Mina Nasseri-Asghar Derek S. Hecht
                                   Attorneys for Plaintiff and
                                   Counterdefendant
                                   The Regents of the University of California

17

## SIGNATURE ATTESTATION

I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  June 2, 2016          CROWELL & MORING LLP


By   *s/ Mark A. Romeo*
     J. Daniel Sharp
     Mark A. Romeo
     Mina Nasseri-Asghar Derek S. Hecht
     Attorneys for Plaintiff and
     Counterdefendant
     The Regents of the University of California

**IT IS SO ORDERED.**

Dated:  June 2, 2016

Hon. Jill L. Burkhardt
United States Magistrate Judge

15-cv-1766 BEN (JLB)

1
2
3                               **EXHIBIT A**
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9 UNITED STATES DISTRICT COURT

10 SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California Corporation,<br><br>                    Plaintiff,<br>          vs.<br>PAUL S. AISEN, an individual; JEREMY PIZZOLA, an individual; DEBORAH TOBIAS, an individual; GUSTAVO JIMENEZ-MAGGIORA, an individual; PHUOC HONG, an individual; ELIZABETH SHAFFER, an individual; DEVON GESSERT, an individual; KELLY HARLESS, an individual; UNIVERSITY OF SOUTHERN CALIFORNIA, a California Corporation; and DOES 1-25, Inclusive,<br>                    Defendants. | CASE NO. 15-cv-01766-BEN- JLB<br><br>Hon. Roger T. Benitez<br><br>**PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |
| AND RELATED CROSS-ACTION. | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

I, _____, state that:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4.      I have received a copy of the Stipulation and Protective Order for the Production and Exchange of Confidential Information (the "Protective Order") entered in the above-entitled action on _____.

5.      I have carefully read and understand the provisions of the Protective Order.

6.      I will comply with all of the provisions of the Protective Order.

7.      I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8.      Upon request, I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: _____        _____

2