**EXHIBIT 1**

### PROTOCOL FOR FORENSIC INSPECTION
### AND RETURN OF LAPTOP AND MOBILE PHONE IN POSSESSION OF AISEN

### I. OBJECTIVE

    A.    As a preliminary matter, the parties agree that Dr. Aisen ("Aisen") has been in possession of a laptop computer and mobile phone (the "Devices") that he was provided while employed by UCSD. The parties agree that Aisen has not returned the Devices.

    B.    Aisen claims that the Devices contain not only data, files, and programs used during his employment at UCSD, but also purely personal private information (including bank statements, financial statements, family and personal photos, and tax returns).

    C.    Aisen disputes that the Devices are property owned by UCSD. Aisen further contends that UCSD already has access to all relevant non-personal information contained on the Devices and any actions Aisen took with respect to the information on these Devices are not relevant to UCSD's remaining claims. Nevertheless, Aisen is entering into this agreement to avoid the time and expense of motion practice related to this issue, particularly because Aisen is not using the Devices and has no use for them but wants to ensure that none of his personal information contained on the Devices is disclosed to UCSD.

    D.    UCSD contends that the Devices are owned by The Regents of the University of California. While UCSD does not believe Aisen has any valid expectation of privacy in any such data on the Devices, UCSD is entering into this agreement to avoid any further delay in the return of the Device and the information contained therein to UCSD.

    E.    This agreement is without prejudice to the parties' position in the litigation and does not constitute an admission of any fact or a waiver of any objections to the use of this agreement or the information contained on the Devices. This agreement does not alter or impact UCSD's burden of proof with respect to its claim of ownership for purposes of any claim it has asserted in the litigation.

    F.    In an effort to ensure no purely personal private information belonging to Aisen on the Devices is turned over to UCSD, the parties agree to utilize the services of the Special Master James Aquilina and his firm Stroz Friedberg to oversee this process. The Special Master has agreed to serve in this capacity and to otherwise carry out the terms of the protocol described below, and the parties shall jointly seek an order from the Court to approve Mr. Aquilina and his staff to act as the forensic experts in carrying out the terms of the protocol described below.

    G.    The Special Master shall follow the Protocol described below.

    H.    The parties agree to this Protocol for these Devices only and that any future requests by either side to forensically examine any other electronic devices will be addressed by the Special Master, or by the Magistrate Judge assigned to this case, if the parties do not agree with the Special Master, on a case-by-case basis. Further, Aisen contends that neither the fact of nor the protocol reached in this agreement are relevant to any future request for imaging any other device that either party may request be forensically imaged and examined.

II. PROTOCOL

A. Within seven (7) days of the parties entering into this stipulation, Aisen shall turn over the Devices to the Special Master for forensic imaging and examination.

B. The Special Master shall image the Devices in a forensically-sound manner using industry-standard hardware and software.

C. The Special Master shall make two forensic images of the Devices. Both images shall be stored in a forensically sound manner to ensure the integrity of the information and data on the forensic images of the Devices.

D. The Special Master shall conduct a forensic analysis of the Devices to determine: (1) What information or data on the Devices that is other than purely personal private information of Aisen (*see* Section II. H. 1-6) has been deleted, wiped, copied, transferred, or downloaded and when any of those events occurred; and (2) In the event that information or data (that is not purely personal private information of Aisen) was copied, transferred or downloaded, where that data was copied, transferred or downloaded to the extent identifiable to the Special Master.

E. Additionally, the Special Master shall determine whether anti-forensic tools (or tools, software or methods of a similar nature) were used or attempted to be used on the Devices to cover up or hide or make more difficult to find or track down information that is not purely personal private information of Aisen and, if so, when and by whom, to the extent these things are identifiable to the Special Master.

F. Except as directed otherwise by joint stipulation of the parties or order of the Court, the Special Master shall retain custody over the forensic images of the Devices until the litigation between UCSD, on one hand, and Aisen (and the other defendants currently remaining as defendants), on the other hand, has come to an end (i.e., the case(s) have been dismissed and after all appeals have been exhausted, assuming there are any appeals).

G. The Special Master, shall harvest active, user-created contents from the forensic images of the Devices (i.e., e-documents, images, and e-mail) using the file extensions and file signatures of the file types listed in Attachment 1, and exclude from harvesting and processing all known system files and other stand-alone non-user generated file types. File types not listed in Attachment 1 shall be excluded from harvesting and processing for purposes of this workflow. The parties understand that no deleted content shall be restored or harvested for purposes of processing and review, unless agreed to in advance by the parties.

H. The active, user-created content harvested from the forensic images of the Devices shall be made available to Aisen for review in the Special Master's hosted Relativity review platform. In consultation with the Special Master, Aisen shall search the files within Relativity for information that is purely personal and private in nature to Aisen and/or an Aisen family member. Specifically, Aisen will search for:

    1. Tax returns;

    2. Financial statements (of Aisen and/or his spouse);

    3. Bank statements;

    4. Photos which are purely personal (and do not have a business-related

purpose);

5. Personal contact information (including phone numbers, email addresses, and address information) that the parties agree have no connection to any medical research, business, or matter concerning Alzheimer's studies, grants, or operational-based issues; and

6. Documents and emails from and to Aisen's spouse, and/or the individuals that the parties agree have no connection to any medical research, business, or matter concerning Alzheimer's studies, grants, or operational-based issues.

I. Aisen will identify the information located responsive to Sec. II. H. 1-6, by utilizing the tagging and coding functionality of Relativity. The Special Master will prepare a list of those items on a log, which shall include the author of the document, the recipients of the document, the date of the documents, and/or the date the document was transmitted, as well as the type and nature of the document. The Special Master shall prepare the log to ensure the actual content of the allegedly purely personal private information is not revealed to UCSD. As to personal contact information, as addressed in Sec. II. H. 5, the Special Master shall log the name of any contacts that he cannot confirm are purely personal.

J. The Special Master shall turn over the log to UCSD so that it has an opportunity to examine it and challenge any designation(s) of information as being purely personal private information. In the event that there is a dispute between the parties over the designation of documents as purely personal private information, including purely private personal contacts, the parties will seek leave from the Court to present the matter to the Magistrate Judge assigned to the case consistent with Civil Chambers Rules of the Magistrate Judge assigned to this case (or any other applicable rule or standing order) so that she may conduct an in camera review, with the assistance of the Special Master should the Magistrate Judge assigned to this case seek such assistance, and rule on the assertion that the document(s) contain purely personal private information.

K. If there is an agreement between the parties as to the documents identified by the Special Master as being documents that are purely personal private information of Aisen, the parties will direct the Special Master to produce to counsel for the parties: (1) all active, user-created content harvested from the forensic images, except for the agreed-upon purely personal private information of Aisen; and (2) a forensic report addressing the matters addressed in Sec. II. D. and E. In addition, the Special Master will return to Aisen and his counsel only a copy of all documents that are purely personal private information of his.

L. Once the Special Master has successfully carried out the terms of this protocol, the Special Master shall wipe the original Devices using wiping software to assure Aisen that his purely personal private information will not be viewed by UCSD or its representatives. UCSD understands that wiping the Devices shall render them inoperable until new operating systems and software are installed and configured on the Devices. The original Devices will then be returned to UCSD so that it may elect to place the Devices back in service.

M. UCSD and USC will initially share equally the cost of the Special Master in carrying out this protocol. At the conclusion of this action, the prevailing party may apply to recover the costs and/or fees charged by the Special Master in carrying out this protocol to the extent recoverable as an item of costs pursuant to Fed. R. Civ. Pro. 54(d)(1) or any other applicable statute.

[END OF DOCUMENT]

## Attachment 1: Processible File Types

**STANDARD LIST OF INCLUDED FILES – PC**

1. E-mail: Outlook E-mail (.pst, .ost); Netscape Email; Lotus Notes E-mail (.nsf); Outlook Message Files (.msg, .oft, .rtf); Outlook Express 5 and 6 message stores (.dbx); Outlook Express Saved Messages (.eml); Blackberry Sync File (.ipd, .bbb); Eudora/Thunderbird (.mbx); AOL Personal Filing Cabinets

2. Word Processing: Word Document (.doc, .dot, .docx, .docm, .dotx, .dotm, .asd); Pocket Word Document (.pwd); MS OneNote (.one); Word Perfect Documents (.wp, .wp4, .wp5, .wp6, .wpd, .wbk, .wkb); Rich Text Format (.rtf); Write Document (.wri); Word Text File (.msw); Publisher (.pub); Text Document (.txt)

3. Spreadsheets: Excel Document (.xls, .xlsx, .xlsm, .xlsb, .xltx, .xltm, .xlc, .xlk, .xlw, .xlb, .xlt); Pocket Excel Worksheet (.pxl); MS Works File (.wps); Lotus 1-2-3 File (.wk1, .wk2, .wk3, .wk4, .wrk, .wks); Comma Separated Value (.csv)

4. PowerPoint Document (.ppt, .pptx, .pptm, .pps, .ppsx, .ppsm, .pot)

5. HTML Document (.html, .htm, .mht, .mhtm)

6. Databases: MS Access data file (.mda); MS Access database (.mdb, .accdb)

7. Compressed/compound files: ZIP Files (.zip); G-zip compressed file (.gz); Archive file (.tar)

8. Adobe PDFs (.pdf)

9. Microsoft XPS (.xps)

10. Image Files (.tif, .tiff, .mdi, .jpg, .jpeg)

11. QuickBooks Accounting Files (.qba, .qbb, .qbm, .qbw, .qbx, .qby)

12. Wave Audio file (.wav)

13. Files with header signatures of the files listed above

**LIST OF EXCLUDED FILES**

Files that meet the above criteria but are excluded from harvesting are listed below:

1. Files contained in the "System Volume Information," "PCHealth" and "Cookies" folders

2. Compressed files with a file extension of ".jar" (Java application files) or located in the "Java\Deployment\Cache" folder

3. Text files related to the Cognos and Oracle applications in the "Program Files" folder, as well as text files with the file name "spuninst," "eula," "license," or "readme"

4. Files named "Thumbs.db"

Files with a compound document header signature and a file extension of ".msi," ".msp" or ".mst"