UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>    Plaintiff,<br><br>  vs.<br><br>PAUL S. AISEN, et al.,<br><br>    Defendants. | CASE NO. 15-cv-1766-BEN (BLM)<br><br>**ORDER DENYING CROSS-CLAIMANT UNIVERSITY OF SOUTHERN CALIFORNIA'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL CROSS-COMPLAINT** |

## I. INTRODUCTION

Now before the Court is Cross-Claimant University of Southern California's Motion for Leave to File a Supplemental Cross-Complaint. The motion is denied.

University of Southern California alleges that since the filing of the original complaint the Cross-Defendants have interfered with the management of four transferred studies and have over-billed or submitted fraudulent invoices to Yale University for work on the FYN Study. On the basis of this and other after-discovered information, University of Southern California seeks leave to supplement its cross-complaint to add a claim for tortious interference with contracts.

The motion is timely. However, the motion is denied because it would add a new cross-claim based on more recent actions for which the Regents and the two individual defendants acting in their official capacities have Eleventh Amendment

immunity from suit in this Court.

## II.  APPLICABLE LAW

The original complaint was removed from the Superior Court of California on August 10, 2015.  A cross-complaint was filed the same day.  Removal jurisdiction was based upon a solid, but narrow, foundation.  That foundation is limited to cases where the State (*i.e.*, the Regents of the University of California) waived its Eleventh Amendment immunity by taking the position of a plaintiff and asserting a right to relief under the federal Copyright Act.  Title 28 U.S.C. §§ 1446, 1454; *Justmed, Inc. v. Byce*, 600 F.3d 1118, 1124-25 (9th Cir. 2010).  The original cross-complaint was based upon the same nucleus of operative facts and is compulsory under Federal Rule of Civil Procedure 13(a).  Because of that fact, the cross-complaint also rests on the narrow foundation of federal jurisdiction.  *Raygor v. Regents of the University of Minnesota*, 534 U.S. 533, 540 (2002) (Article III permits supplemental jurisdiction if the federal and state claims derive from a common nucleus of operative facts and comprise one constitutional case).

However, the newly proposed cross-claim is based upon a different, newer, nucleus of operative facts.  While related to the original claims and cross-claims, the newly-urged claims arise from actions that took place *after* the original claims were filed and *in reaction* to events that followed.  Normally, such permissive claims may be brought under Federal Rule of Civil Procedure 13(e).  *San Luis & Delta-Mendota Water Authority v. U.S. Dept. of Interior*, 236 F.R.D. 491, 498 (E.D. Cal. 2006) (Rule 15(d) designed to permit expansion of existing litigation to include events occurring after the filing of the original complaint).

However, because the proposed cross-claim arises out of a separate nucleus of operative facts and seeks relief against the sovereign State of California (in the form of the Regents), the proposed cross-claim may not be brought in this federal forum.  *Raygor,* 534 U.S. at 542 (28 U.S.C. § 1367(a)'s grant of jurisdiction does

- 2 -

15cv1766

not extend to claims against nonconsenting state defendants).  Sovereign immunity is to be strictly construed in favor of the sovereign.  *Harjo v. U.S. Citizenship and Immigration Services,* 811 F.3d 1086, 1101 (9th Cir. 2016) (citations omitted).  Here, construing Eleventh Amendment immunity strictly in favor of the proposed sovereign cross-defendant, the Court finds the Regents are immune from suit in this federal forum for the more recent events described in the proposed cross-claim.  *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (sovereign immunity prohibits federal courts from hearing suits brought against an unconsenting state); *Stanley v. Trustees of California State University*, 433 F.3d 1129, 1133 (9th Cir. 2006) (Eleventh Amendment generally renders states immune from private damages claims brought in federal court).

### III.  CONCLUSION

Cross-Claimants' motion for leave to file a supplemental cross-claim based upon a separate nucleus of operative facts is denied.

DATED:  October 26, 2016

_____
Hon. Roger T. Benitez
United States District Judge