1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA,

                          Plaintiff,

    vs.

PAUL S. AISEN, et al.,

                       Defendants.

CASE NO. 15-cv-1766-BEN (BLM)

**ORDER GRANTING PLAINTIFF'S
AMENDED MOTION TO REMAND**

## I.  INTRODUCTION

      Now before the Court is Plaintiff's amended motion to remand under 28 U.S.C. § 1447(c) or § 1367(c).  The motion is granted.

      This case was removed from state court upon Plaintiff's assertions of rights acquired under the federal Copyright Act's work-for-hire doctrine.  While correct at the time, Plaintiff has since amended its Complaint.  In its Amended Complaint and in its briefing since, Plaintiff has made clear that it has abandoned any claim of rights it may, or may not, have acquired under the federal Copyright Act.  There are now no other grounds supporting original federal jurisdiction.

      A district court may inquire into its own jurisdiction at any time.  *Herklotz v. Parkinson*, __ F.3d __, 2017 WL 586466 *2 (9th Cir. Feb. 14, 2017); *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1113 n.7 (9th Cir. 2011) (district court is free to reexamine supplemental jurisdiction on remand).  However, a court is not required at any particular time to *sua sponte* consider whether it is

1   proper to assert continuing federal jurisdiction over state law claims when federal

2   claims are eliminated. *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir.

3   1997) (*en banc*) ("[W]hile a district court must be sure that it has federal jurisdiction

4   under § 1367(a), once it is satisfied that the power to resolve state law claims exists,

5   the court is not required to make a § 1367(c) analysis unless asked to do so by a

6   party."). That changes, however, when a party raises the issue, as Plaintiff has now

7   done.[1] *Id*. at 1001.

8       Plaintiff argues two grounds for remand. First, it asserts that the original

9   removal was predicated on a sham. That was not the case. Second, it suggests that

10  this is a typical case in which the discretionary exercise of supplemental jurisdiction

11  should usually be declined. This ground is more persuasive.

12      "A district court's decision whether to exercise that jurisdiction after

13  dismissing every claim over which it had original jurisdiction is purely

14  discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).

15  Once the claim over which it had original jurisdiction is dismissed, a federal court

16  may remand or dismiss the remaining state claims. 28 U.S.C. § 1367(c)(3). "When

17  the balance of . . . factors indicates that a case properly belongs in state court, as

18  when the federal-law claims have dropped out of the lawsuit in its early stages and

19  only state-law claims remain, the federal court should decline the exercise of

20

21      [1] Plaintiff first asked the court to decline the discretionary exercise of
    supplemental jurisdiction in its amended motion to remand (filed November 4, 2017).
22  However, that motion was filed while Plaintiff's interlocutory appeal was pending.
    Plaintiff appealed from this Court's order potentially modifying or clarifying the
    preliminary injunction. In its appellate briefing, Plaintiff raised the question of whether
23  this court had subject matter jurisdiction.

24      Of course, Plaintiff's interlocutory appeal temporarily divested this Court of
    control over the question of supplemental jurisdiction. "Even before 1979, it was
25  generally understood that a federal district court and a federal court of appeals should
    not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of
26  appeal is an event of jurisdictional significance — it confers jurisdiction on the court
    of appeals and divests the district court of its control over those aspects of the case
27  involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58
    (1982) (citations omitted). Not until the interlocutory appeal was dismissed and the
28  mandate spread on January 12, 2017, was control returned to this Court.

jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citations omitted). Remand may be preferable to dismissal when declining to exercise jurisdiction. *Id*. at 352-53 ("Even when the applicable statute of limitations has not expired, a remand may best promote the values of economy, convenience, fairness, and comity.").

*Carnegie-Mellon* observes that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims. . . . [and] these factors usually will favor a decision to relinquish jurisdiction when 'state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" 484 U.S. at 350 n. 7 (citations omitted); *Acri*, 114 F.3d at 1001 ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims.'"); *Reynolds v. County of San Diego*, 84 F.3d 1162, 1171 (9th Cir. 1996) ("[A]fter granting summary judgment on the civil rights claim, the court should have dismissed the state law claims without prejudice."). Continuing to assert federal jurisdiction over purely state law claims is less compelling when the federal claim is eliminated at an early stage of the litigation and the case presents novel or complex issues of state law, as does this case. *Carnegie-Mellon*, 484 U.S. at 351 ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had *a powerful reason* to choose not to continue to exercise jurisdiction.") (emphasis added).

Here the federal-law claim was eliminated early in the litigation and only complex state law questions remain. Informed by the *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), values of economy, convenience, fairness, and

1   comity, rather than dismiss the remaining claims, the Court declines to exercise

2   jurisdiction over the remaining state law claims and the claims are remanded[2] to the

3   Superior Court of California, County of San Diego. *Zochlinski v. Regents of Univ.*

4   *of California*, 538 F. Appx. 783, 784 (9th Cir. 2013) ("The district court properly

5   declined to exercise supplemental jurisdiction over Zochlinski's state law claims

6   after dismissing his federal claims."). Each side shall bear their own costs and

7   attorney fees incurred as a result of the removal. 28 U.S.C. § 1447(c).

8   DATED:  March 3, 2017

9

10  _____
    Hon. Roger T. Benitez

11  United States District Judge

12

13

14

15

16

17

18

19

20

21

22

---

23      [2] *See Carnegie-Mellon*, 484 U.S. at 353 ("Even when the applicable statute of

24  limitations has not expired, a remand may best promote the values of economy,
    convenience, fairness, and comity. Both litigants and States have an interest in the

25  prompt and efficient resolution of controversies based on state law. Any time a district
    court dismisses, rather than remands, a removed case involving pendent claims, the

26  parties will have to re-file their papers in state court, at some expense of time and
    money. Moreover, the state court will have to reprocess the case, and this procedure

27  will involve similar costs. Dismissal of the claim therefore will increase both the
    expense and the time involved in enforcing state law. Under the analysis set forth in

28  *Gibbs*, this consequence, even taken alone, provides good reason to grant federal courts
    wide discretion to remand cases involving pendent claims when the exercise of pendent
    jurisdiction over such cases would be inappropriate.")